## ATTACHMENT AGAINST FOREIGN CORPORATIONS.

[Circuit Court of Cuyahoga County.]

### ARMOUR CAR LINES v. BIGALOW FRUIT CO.

Decided, June 6, 1904.

*Foreign Corporations—Doing Business in this State—But not Estab-
lished Here—Exempt from Attachment, When.*

Foreign corporations engaged in interstate commerce business, but
not established within the boundaries of this state for the per-
formance generally of their business, when they voluntarily take
the benefit of the proviso in Section 148*d*, Revised Statutes, and
comply with the provisions of Section 148*c*, Revised Statutes, are
entitled to exemption from attachment under the provisions of
Section 5521, Revised Statutes, upon the ground that they are
foreign corporations.

WINCH, J.; MARVIN, J., concurs; HALE, J., not sitting.

Error to Cuyahoga Common Pleas Court.

In this case we are asked to review the action of the Common
Pleas Court of Cuyahoga County, in overruling a motion by
plaintiff in error to discharge an attachment.

The petition in the case claims damages for breach of con-
tract to care for two car loads of strawberries shipped by de-
fendant in error from Chattanooga to Cleveland in May, 1900,
in refrigerator cars of plaintiff in error, which cars, it is claimed,
were to be iced by the latter and kept at a low temperature in
transit.

An attachment was issued in the case, the affidavit therefor
stating as the ground for attachment: "That said defendant is
a foreign corporation, engaged in transportation and interstate
commerce business."

The motion to discharge the attachment alleges that the state-
ment as to the ground of attachment is untrue and that de-
fendant below had complied with Sections 148*c* and 148*d*, Re-
vised Statutes.

At the hearing on the motion it was shown that Armour Car
Lines is a foreign corporation; that it owns and uses part of
its capital and plant in Ohio, and certificates of the secretary

of state were produced showing that it had complied with the requirements of Sections 148c and 148d, Revised Statutes. The bill of exceptions shows much evidence was introduced on the question whether said foreign corporation is "engaged in transportation and interstate commerce business," plaintiff in error claiming that the legal conclusion to be drawn from the facts developed at the hearing is that it is *not* such corporation, and defendant in error claiming that it is.

In the view we take of this case it is immaterial whether plaintiff in error is engaged in transportation and interstate commerce business or not, but conceding the claim of defendant in error. that it is, let us attempt to construe the statutes on the subject here involved.

Section 5521, Revised Statutes, provides that the plaintiff may have an attachment when the defendant is a foreign corporation, except as provided in Sections 148c and 148d, Revised Statutes.

Section 148c, Revised Statutes, provides that every foreign corporation, incorporated for purposes of profit, now or hereafter doing business in this state, and owning or using a part or all of its capital or plant in this state, shall file a certain statement with the secretary of state and pay certain fees, and that every corporation subject to the provisions of said section which complies with its requirements, shall not be subject to attachment on the ground that it is a foreign corporation, provided that this section shall not apply to certain foreign corporations, including "transportation or other corporations engaged in Ohio in interstate commerce business."

This proviso, conceding that Armour Car Lines is engaged in transportation and interstate commerce business, applies to said company, for it is a foreign corporation doing business in this state and owning or using part of its capital or plant in this state, and therefore Section 148c, Revised Statutes, does not apply to it.

Section 148d, Revised Statutes, provides that *no* foreign stock corporation, other than certain banking and insurance corporations, but not excepting transportation or other companies engaged in interstate commerce business, shall do business in this

state without first having procured from the secretary of state a certain certificate which shall be delivered upon the corporation complying with the requirements of the laws of this state. No such foreign corporation without such certificate shall maintain any action in this state upon any contract made by it in the state until it procures such certificate. Every such foreign corporation is required to file certain papers and statements and designate a person upon whom process against it may be served within the state, and pay certain fees.

Then follows a proviso that "such foreign corporations as comply with the provisions of Section 148c, Revised Statutes, as amended May 16, 1894, shall not be subject to process of attachment under Section 5521, Revised Statutes, or any law of Ohio, upon the ground that it is a foreign corporation or nonresident of this state."

Manifestly this proviso includes corporations not specified under Section 148c, Revised Statutes, for there would be no use subserved in using this language if it were intended only as a repetition of what is provided for in Section 148c, Revised Statutes.

In this connection it is also significant that Section 5521, Revised Statutes, itself excepts from attachments such corporations as comply with Section 148d, Revised Statutes.

We take it that the proviso in Section 148d, Revised Statutes, includes all foreign corporations, except such as are specifically excepted in the opening paragraph of the section, and transportation and other companies engaged in interstate commerce are not so excepted.

So far as this act is in conflict with the provisions of the federal Constitution that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states, and that Congress shall have power to regulate commerce * * * among the several states, it is, of course, inoperative, as was held in the case of *Toledo Commercial Co.* v. *Manufacturing Co.,* 55 Ohio St., 217. That means that a foreign corporation engaged in interstate commerce business and not established within the boundaries of this state for the performance generally of its business, could not be compelled to comply with said act, or punished if it did not comply. But how about such corpora-

tions, which, though they can not be compelled to comply with the requirements of either Sections 148c or 148d, Revised Statutes, yet *voluntarily* take the benefit of the proviso in Section 148d, Revised Statutes, and comply with the provisions of Section 148c, Revised Statutes? Are they not entitled to exemption from attachment upon the ground that they are foreign corporations?

Is it not possible that the Legislature offered this exemption to such foreign corporations as it could not lawfully compel to comply with these two acts, as an inducement to their voluntary compliance so that the state's revenues might be increased by the payment of the fees required therein?

We think this explanation the only reasonable one for the existence of two laws on the regulation of foreign corporations, passed originally within three days of each other, and it gives effect to words which would otherwise be tautological.

It follows, therefore, that whether or not plaintiff in error is a transportation or other corporation engaged in Ohio in interstate commerce business, is immaterial. Having complied with the requirements of Section 148c, it is exempt from attachment as a foreign corporation.

*Brewer, Cook & McGowan*, for plaintiff in error.

*Higley & Maurer*, for defendant in error.